**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jim Collins, | No. CV-19-00174-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Beau Barber, et al., | |
| Defendants. | |

    On February 16, 2021, this case was reassigned to this Court with discovery motions pending and a Motion for Summary Judgment filed by the Plaintiff but not yet fully briefed. Discovery had closed on January 18, 2021, with the discovery motions pending.

    On March 9, 2021, the Court issued an Order in favor of the Plaintiff, requiring Defendants to respond to certain discovery requests and extending the discovery deadline for this limited purpose. (Order (Doc. 74)). The Court also granted a request from Defendants to extend the dispositive motions deadline and dismissed the Plaintiff's Motion for Summary Judgment as moot without prejudice to it being reurged subsequent to obtaining the discovery responses from the Defendants. This too favored the Plaintiff to afford him an opportunity to edit his dispositive motion to incorporate any supporting evidence resulting from the allowed discovery. On May 20, 2021, the Plaintiff filed a Motion for Reconsideration of this Order. (Doc. 122.)

    The Motion for Reconsideration is untimely. Reconsideration must be sought within 14 days of the filing date of the Order that is the subject of the requested reconsideration.

LRCiv. 7.2(g). The Court, nevertheless, addresses the Plaintiff's charge that the Court violated his due process by issuing the March 9, 2021, Order without a Response from the Plaintiff to Defendants' request for extending the dispositive motions deadline. As he recognizes, he did not file his Response (Doc. 76) until March 11, 2021 and filed a supplement (Doc. 78) to show good cause for the late Response on March 12, 2021. The Court had, however, already issued its Order on March 9, 2021. The Plaintiff did not seek timely reconsideration of this Order.

The Court has addressed the Plaintiff's concern that the Court's March 9, Order, allowed the Defendants to disclose a new defense that probable cause existed for Plaintiff's arrest and, therefore, he needed to conduct additional discovery relevant to this new defense. As the Court tried to explain when it denied Plaintiff's last discovery motions, (Order (Doc. 106) at 5), discovery requires disclosure of relevant evidence and facts, not legal theories. See Fed. R. Civ. P. 26(a)(1)(A) (requiring disclosure of names and contact information of individuals likely to have discoverable information—that the disclosing party may use to support its claims or defenses). In other words, the Defendant was required to disclose evidence during discovery it intends to use to support a defense raised either on summary judgment or at trial.

The Plaintiff asserts that he has been severely prejudiced by the Court's March 9, 2021, Order because he had bargained with Defendants to conduct depositions after the dispositive motions' deadline. The Court notes such bargains are not allowed because the parties may not agree to extend case management deadlines, which are set by Order of the Court, without Court approval. This information would not have changed the Court's denial of additional time to conduct depositions beyond the extension it granted in its March 9, 2020, Order. (Doc. 106.)

The Plaintiff's *pro se* status does not relieve him of complying with the Federal Rules of Civil Procedure, the Rules of Practice and Procedure of the U.S. District Court for the District of Arizona (LRCiv.) and orders issued by this Court. Pro se litigants must follow the same rules of procedure that govern other litigants. *King v. Atiyeh*, 814 F.2d

565, 567 (9th Cir. 1987), overruled on other grounds by *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir.1984), cert. denied, 469 U.S. 1165, 105 S.Ct. 926, 83 L.Ed.2d 938 (1985).

**Accordingly,**

**IT IS ORDERED** that the Motion for Reconsideration (Doc. 122) is DENIED.

**IT IS FURTHER ORDERED** that the Motion to Extend Time to File Dispositive Motions (Doc. 116) is DENIED.

**IT IS FURTHER ORDERED** that the Motion for Settlement Conference (Doc. 113) is GRANTED, and the case is referred to the Honorable Bruce G. Macdonald for a settlement conference on July 21, 2021 at 9:30. The parties shall comply with directives for the settlement conference issued by Judge Macdonald.

**IT IS FURTHER ORDERED** that the Motion to Consolidate (Doc. 105) this case with CV 21-140 TUC DCB is DENIED because that case is closed.

Dated this 4th day of June, 2021.

Honorable David C. Bury
United States District Judge